E-FILED  2020 DEC 07 5:06 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF POTTAWATTAMIE COUNTY, IOWA

**EXHIBIT**

B

| | |
|---|---|
| THOMAS E. ALLEN, an Individual, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )  **ORIGINAL NOTICE** |
| | ) |
| MILLER ELECTRIC COMPANY, | ) |
| | ) |
| Defendants. | ) |

TO THE ABOVE-NAMED DEFENDANT(S): **Miller Electric Company**

You are notified that a petition has been filed in the office of the clerk of this court, naming you as the defendant in this action. A copy of the petition is attached to this notice. The attorney for the plaintiff is Thomp J. Pattermann, whose address is 300 West Broadway, Ste. 145, Council Bluffs, Iowa 51503. That attorney's phone number is (712) 323-0999 and facsimile number is (712) 323-0814.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (712) 328-4793. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

_____   _____
CLERK OF COURT                    (Designee)
Pottawattamie County Courthouse
227 South Sixth Street
Council Bluffs, IA 51501

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED  2020 DEC 08 9:25 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.*  LACV121185

*County*  Pottawattamie

*Case Title*  **THOMAS ALLEN VS MILLER ELECTRIC COMPANY**

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:** http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  **12/08/2020 09:25:59 AM**



*District Clerk of* Pottawattamie    *County*

/s/ Teresa Mace

E-FILED  2020 DEC 07 5:06 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF POTTAWATTAMIE COUNTY, IOWA

| | | |
|---|---|---|
| THOMAS E. ALLEN, an Individual, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **PETITION & JURY DEMAND** |
| | ) | |
| MILLER ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Thomas E. Allen, by and through his counsel, and hereby brings his claims against Miller Electric Company and states to the Court as follows:

### INTRODUCTION

1.      Defendant Miller Electric Company employs , at relevant times, approximately 500 plus employees.

2.      This is an age and disability discrimination case under the Iowa Civil Rights Act. Plaintiff Thomas Allen has had his work hours reduced, he has suffered from harassment, retaliatory reduced hours and retaliatory harassment.

3.      Plaintiff began working for Defendant on January 23, 2017.   The Defendant has made judgments about Plaintiff based on age and disability.    The claims require the resolution of the common question of whether Defendant engaged in discrimination against Plaintiff because of his age and disability.

4.      Plaintiff seeks remedies to eliminate the adverse effects of such discrimination in his live, career, working conditions and to prevent age and disability discrimination in the future.    Plaintiff has a standing to seek such relief because of the adverse effect age and disability discrimination has had on him.

5.      The actions described in this Petition demonstrate that Miller Electric Company violated the Iowa Civil Rights Act in its treatment of Plaintiff.

1

6.      By filing this Petition, Plaintiff is preserving his rights with respect to the statute of limitations of his claims under Iowa Rules of Civil Procedure.

7.      Declaratory and injunctive relief are the factual and legal predicates for Plaintiff and entitlement to monetary and non-monetary remedies for individual losses caused by, and the exemplary purposes necessitated by, such discrimination and retaliation.

## JURISDICTION AND VENUE

8.      The age and disability discrimination by Defendants, occurred more than 300 days prior to and after the filing of the civil rights complaint with the Iowa Civil Rights Commission submitted by Plaintiff was ongoing and continuing in nature up to and including present day and as such, constitutes continuing violations under the Iowa Code.

9.      Venue is properly laid in this jurisdictional district pursuant to Iowa Code given that injury or damage was sustained in Pottawattamie County, Iowa.

## PARTIES

10.     At all times material to this Petition, Plaintiff Thomas Allen was a citizen and resident of Pleasant Hope, Missouri, and was employed by Defendant Miller Electric Company.

11.     At all times material to this Petition, Defendant, Miller Electric Company was a corporation organized and existing under the laws of the State of Iowa with its principal place of business at 4975 Sharon Center Road SW, Iowa City, Iowa.

## PROCEDURAL REQUIREMENTS

12.     On May 27, 2020, within 300 days of the acts of which the Plaintiff filed a charge of employment discrimination and retaliation with the Iowa Civil Rights Commission against Defendant.

13.     On August 3, 2020, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission administratively closed Plaintiff's case and issued to him an Administrative Release letter and Letter of Right-to-Sue pursuant to Iowa Code Chapter.

2

### ALLEGATIONS

14.     Plaintiff is bringing this action pursuant to the Iowa Civil Rights Act on behalf of
Plaintiff as identified as follows.

15.     Defendant has acted on grounds described herein, applicable to the Plaintiff by adopting
and following patterns, practices and/or policies that are discriminatory and retaliatory against Plaintiff.

16.     The Plaintiff was improperly denied hours and/or discriminated against because of his
age and disability in terms and conditions of employment and was wrongfully retaliated against because
he complained about his treatment by Defendant.

17.     There are questions of law and fact in regard to Plaintiff's treatment, including, but not
limited to:

i.      Whether Defendant engaged in sustained, continuous patterns and practices of age and
disability discrimination against Plaintiff in the terms and conditions of employment;

ii.     Whether the Plaintiff is a member of the relevant protected class;

iii.    Whether Plaintiff suffered an adverse employment action;

iv.     Whether the Defendant impermissibly considered Plaintiff's membership in a protected
class in violation of the Iowa Civil Rights Act.

v.      To what extent, and in what particulars, did Defendant retaliate against Plaintiff for
getting hurt on the job and filing a claim for benefits with the Industrial Commissioner.

### FACTUAL BACKGROUND

18.     Plaintiff is a disabled 64-year old employee who currently works for Defendant Miller
Electric Company.

19.     Plaintiff was improperly denied full time employment and faced discrimination before
and after May 27, 2020.

20.     Plaintiff began working for Defendant on January 23, 2017.   His position was inside

3

wireman.  He was supervised by Chad Saylor, general foreman, and Joe Pincles, foreman.

21.     Plaintiff was injured at work on June 12, 2019.  He got his foot caught in a defective

turnstile while on the jobsite and fell.    He caught himself with his left arm.    He injured his left

shoulder and heel. As a result, Plaintiff has suffered permanent injuries to his left shoulder and heel.

22.     Plaintiff had to record his injury in order to receive treatment.

23.     Plaintiff's hours were decreased to 20 hours per week after he recorded his injury.   He

previously worked approximately 58 hours per week.

24.     Plaintiff was sent to Defendant's office site to work.    He was told that he would be "put

on the blacklist" if he made it a "recordable injury."    Safety personnel and Plaintiff's union steward also

told him that he was at risk of losing his job for recording his injury.   Plaintiff believes that Respondent

"only cared about a clean record of recordable injuries."   Carol Long, safety personnel, told Plaintiff that

he feared he would be fired due to his injury and that it would look bad for Plaintiff.

25.     Plaintiff states that recording his injury caused other employees to take two and a half

days off without pay.    He does not know how his injury caused this, but he believes it caused his

coworkers to dislike him.

26.     Plaintiff continued in his normal duties and caused further injury    He made numerous

trips to the medical trailer on his worksite to receive ice and pain medication.    According to the records

from his doctor, he continued working his normal duties for approximately six weeks.   He went to the

doctor on July 29, 2019 and was referred to physical therapy for his injuries.

27.     One month after his injury, Plaintiff began working in one of Defendant's trailers.

There, he was harassed by Ken Madison, superintendent.   Madison had the authority to take employment

actions against Plaintiff, including termination.   Madison also harassed plaintiff prior to his injury.

Madison told Plaintiff he was not wearing appropriate protective equipment, talked with his doctors, and

gave him "disapproving" looks.   Madison called him Humpty Dumpty.   Mike Copeland had the same

4

injury and was not harassed by Madison.    Copeland's injury was not recordable. Fred Wilson Jr. wanted

Plaintiff to quit and told Madison to be "aggressive" towards him.   Plaintiff was reprimanded for using

his cell phone and did not have a union steward present during the confrontations.    This would not have

happened if he had treated his injury outside of work and used his own insurance.

28.    Plaintiff complained about the harassment to Tim Heavy, union steward.   He also

complained about the harassment to a safety manager and to Madison himself.    No action was taken and

Heavy told Plaintiff about an employee who attempted to sue Defendant for harassment and was not

successful.   Other Employees who made complaints were labelled "troublemakers" and were terminated.

Older employees with disabilities were laid off.

**COUNT I**
**VIOLATION OF IOWA CODE**
**AGE AND DISABILITY DISCRIMINATION & RETALIATION**

29.    Defendant discriminated against Plaintiff with respect to employment based on age and

disability in violation of Iowa Code.

30.    Defendant engaged in a continuing pattern and practice of age and disability

discrimination and harassment in violation of Iowa Civil Rights Act, Iowa Code.

31.    Plaintiff's age and disability were motivating factors in the discrimination.

32.    The Defendant retaliated against the Plaintiff for protecting his rights by filing a workers'

compensation claim.

33.    The Defendant's violation of Iowa Code is the cause of the injuries suffered by Plaintiff.

34.    As a result of Defendant's acts, Plaintiff will continue to suffer damages including but

not limited to, mental and emotional harm and anguish, humiliation, embarrassment, and loss of

enjoyment of life.    Plaintiff has and will continue to suffer loss of past and future wages and benefits,

other emoluments of employment and past and future medical expenses.

35.    As a result of Defendant's acts aforesaid, Plaintiff is entitled to the relief set forth in the

5

request for relief below.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, requests judgment and relief against Defendant as follow:

a.      That Defendant's conduct be declared to be in violation of Plaintiff's rights as outlined in Iowa Code Chapter.

b.      That Defendant, its officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any further conduct violating Plaintiff's rights or the rights of others similarly situated as secured by the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect other similarly situated;

c.      That Plaintiff be awarded compensatory damages and any other form of relief to which he is entitled, including equitable, declaratory, monetary or other relief due to Plaintiff in a lump sum or installments pursuant to Iowa Rules of Civil Procedure.

d.      That Plaintiff be made whole by providing him appropriate lost earnings and benefits with pre-judgment interest, past and future emotional distress damages, and other affirmative relief.

e.      Plaintiff be awarded reasonable attorney fees and costs incurred in prosecuting this action. And

f.      Plaintiff be awarded such additional and further relief as just and proper.

## PUNITIVE DAMAGES

The behavior of the Defendant caused damage to the Plaintiff which rise to the level of willful and wanton, reckless disregard of the rights of the Plaintiff, thus entitling the Plaintiff to punitive as well as compensatory and special damages.

6

E-FILED  2020 DEC 07 5:06 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this matter.

By _/S/ Thomp J. Pattermann
THOMP J. PATTERMANN #AT0006027
GALLNER & PATTERMANN, P.C.
300 West Broadway, Suite 145, Council Bluffs, IA   51503
Telephone: (712) 323-0999   Facsimile:    (712) 323-0814
tjpattermann@sgallnerlaw.com
ATTORNEY FOR PLAINTIFF

7

*CA4013*

State of Iowa, District Court POTTAWATTAMIE County

| | |
|---|---|
| THOMAS ALLEN<br>        Plaintiff / Petitioner<br>  vs.<br>MILLER ELECTRIC COMPANY<br>        Defendant / Respondent | CASE NO. 04781  LACV121185<br><br>ORDER FOR INDIVIDUAL CASE ASSIGNMENT |

IT IS ORDERED:

Judge Jeffrey L. Larson is designated as the Judge to preside over all future proceedings in this case.

If there are pending matters that should be determined before the trial/hearing, counsel shall promptly bring those matters to the attention of the presiding Judge.

/s/ Lori Johannes, Judicial Specialist
712-328-4714

Copies to:

THOMP JOHN PATTERMANN



State of Iowa Courts

**Case Number**          **Case Title**
LACV121185               THOMAS ALLEN VS MILLER ELECTRIC COMPANY
**Type:**                OTHER ORDER

So Ordered

Lori Johannes,  Case Coordinator,
Fourth Judicial District of Iowa

Electronically signed on 2020-12-08 10:35:30

IN THE DISTRICT COURT OF POTTAWATTAMIE COUNTY, IOWA

| | |
|---|---|
| THOMAS E. ALLEN, an Individual, | ) LACV121185 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) **ORIGINAL NOTICE** |
| | ) |
| MILLER ELECTRIC COMPANY, | ) |
| | ) |
| Defendants. | ) |

TO THE ABOVE-NAMED DEFENDANT(S): **Miller Electric Company**

You are notified that a petition has been filed in the office of the clerk of this court, naming you as the defendant in this action.  A copy of the petition is attached to this notice.  The attorney for the plaintiff is Thomp J. Pattermann, whose address is 300 West Broadway, Ste. 145, Council Bluffs, Iowa 51503.  That attorney's phone number is (712) 323-0999 and facsimile number is (712) 323-0814.

You must serve a motion or answer within 20 days after service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Pottawattamie County, at the county courthouse in Council Bluffs, Iowa.  If you do not, judgment by default may be rendered against you for the relief demanded in the petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (712) 328-4793.  (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

 

_____ (Designee)
CLERK OF COURT
Pottawattamie County Courthouse
227 South Sixth Street
Council Bluffs, IA 51501

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED  2021 FEB 08 8:56 AM POTTAWATTAMIE - CLERK OF DISTRICT COURT

# STATE OF IOWA JUDICIARY

*Case No.* LACV121185

*County* Pottawattamie

*Case Title* THOMAS ALLEN VS MILLER ELECTRIC COMPANY

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

*Scheduled Hearing:*

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883** . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

*Date Issued*  02/08/2021 08:56:27 AM



*District Clerk of* Pottawattamie          *County*

/s/ Julie Walling

E-FILED  2021 FEB 05 2:57 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

IN THE DISTRICT COURT OF POTTAWATTAMIE COUNTY, IOWA

| | | |
|---|---|---|
| THOMAS E. ALLEN, an Individual, | ) | LACV121185 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **AMENDED** |
| vs. | ) | **PETITION & JURY DEMAND** |
| | ) | |
| MILLER ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW Plaintiff, Thomas E. Allen, by and through his counsel, and hereby brings his claims against Miller Electric Company and states to the Court as follows:

### INTRODUCTION

1.       Defendant Miller Electric Company employs, at relevant times, approximately 500 plus employees.

2.       This is an age and disability discrimination case under the Iowa Civil Rights Act. Plaintiff Thomas Allen has had his work hours reduced, he has suffered from harassment, retaliatory reduced hours and retaliatory harassment.

3.       Plaintiff began working for Defendant on January 23, 2017.   The Defendant has made judgments about Plaintiff based on age and disability.   The claims require the resolution of the common question of whether Defendant engaged in discrimination against Plaintiff because of his age and disability.

4.       Plaintiff seeks remedies to eliminate the adverse effects of such discrimination in his live, career, working conditions and to prevent age and disability discrimination in the future.   Plaintiff has a standing to seek such relief because of the adverse effect age and disability discrimination has had on him.

5.       The actions described in this Petition demonstrate that Miller Electric Company violated the Iowa Civil Rights Act in its treatment of Plaintiff.

E-FILED  2021 FEB 05 2:57 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

6.      By filing this Petition, Plaintiff is preserving his rights with respect to the statute of limitations of his claims under Iowa Rules of Civil Procedure.

7.      Declaratory and injunctive relief are the factual and legal predicates for Plaintiff and entitlement to monetary and non-monetary remedies for individual losses caused by, and the exemplary purposes necessitated by, such discrimination and retaliation.

## JURISDICTION AND VENUE

8.      The age and disability discrimination by Defendants, occurred more than 300 days prior to and after the filing of the civil rights complaint with the Iowa Civil Rights Commission submitted by Plaintiff was ongoing and continuing in nature up to and including present day and as such, constitutes continuing violations under the Iowa Code.

9.      Venue is properly laid in this jurisdictional district pursuant to Iowa Code given that injury or damage was sustained in Pottawattamie County, Iowa.

## PARTIES

10.     At all times material to this Petition, Plaintiff Thomas Allen was a citizen and resident of Pleasant Hope, Missouri, and was employed by Defendant Miller Electric Company.

11.     At all times material to this Petition, Defendant, Miller Electric Company was a corporation organized and existing under the laws of the State of Nebraska with its principal place of business at 2501 St. Mary's Avenue, Omaha, Nebraska 68105.

## PROCEDURAL REQUIREMENTS

12.     On May 27, 2020, within 300 days of the acts of which the Plaintiff filed a charge of employment discrimination and retaliation with the Iowa Civil Rights Commission against Defendant.

13.     On August 3, 2020, less than 90 days prior to the filing of this Petition, the Iowa Civil Rights Commission administratively closed Plaintiff's case and issued to him an Administrative Release letter and Letter of Right-to-Sue pursuant to Iowa Code Chapter.

## ALLEGATIONS

14.     Plaintiff is bringing this action pursuant to the Iowa Civil Rights Act on behalf of Plaintiff as identified as follows.

15.     Defendant has acted on grounds described herein, applicable to the Plaintiff by adopting and following patterns, practices and/or policies that are discriminatory and retaliatory against Plaintiff.

16.     The Plaintiff was improperly denied hours and/or discriminated against because of his age and disability in terms and conditions of employment and was wrongfully retaliated against because he complained about his treatment by Defendant.

17.     There are questions of law and fact in regard to Plaintiff's treatment, including, but not limited to:

i.      Whether Defendant engaged in sustained, continuous patterns and practices of age and disability discrimination against Plaintiff in the terms and conditions of employment;

ii.     Whether the Plaintiff is a member of the relevant protected class;

iii.    Whether Plaintiff suffered an adverse employment action;

iv.     Whether the Defendant impermissibly considered Plaintiff's membership in a protected class in violation of the Iowa Civil Rights Act.

v.      To what extent, and in what particulars, did Defendant retaliate against Plaintiff for getting hurt on the job and filing a claim for benefits with the Industrial Commissioner.

## FACTUAL BACKGROUND

18.     Plaintiff is a disabled 64-year old employee who currently works for Defendant Miller Electric Company.

19.     Plaintiff was improperly denied full time employment and faced discrimination before and after May 27, 2020.

20.     Plaintiff began working for Defendant on January 23, 2017.   His position was inside

3

wireman.  He was supervised by Chad Saylor, general foreman, and Joe Pincles, foreman.

21.     Plaintiff was injured at work on June 12, 2019.   He got his foot caught in a defective turnstile while on the jobsite and fell.    He caught himself with his left arm.   He injured his left shoulder and heel. As a result, Plaintiff has suffered permanent injuries to his left shoulder and heel.

22.     Plaintiff had to record his injury in order to receive treatment.

23.     Plaintiff's hours were decreased to 20 hours per week after he recorded his injury.   He previously worked approximately 58 hours per week.

24.     Plaintiff was sent to Defendant's office site to work.   He was told that he would be "put on the blacklist" if he made it a "recordable injury."   Safety personnel and Plaintiff's union steward also told him that he was at risk of losing his job for recording his injury.  Plaintiff believes that Respondent "only cared about a clean record of recordable injuries."   Carol Long, safety personnel, told Plaintiff that he feared he would be fired due to his injury and that it would look bad for Plaintiff.

25.     Plaintiff states that recording his injury caused other employees to take two and a half days off without pay.   He does not know how his injury caused this, but he believes it caused his coworkers to dislike him.

26.     Plaintiff continued in his normal duties and caused further injury   He made numerous trips to the medical trailer on his worksite to receive ice and pain medication.   According to the records from his doctor, he continued working his normal duties for approximately six weeks.   He went to the doctor on July 29, 2019 and was referred to physical therapy for his injuries.

27.     One month after his injury, Plaintiff began working in one of Defendant's trailers. There, he was harassed by Ken Madison, superintendent.   Madison had the authority to take employment actions against Plaintiff, including termination.   Madison also harassed plaintiff prior to his injury. Madison told Plaintiff he was not wearing appropriate protective equipment, talked with his doctors, and gave him "disapproving" looks.   Madison called him Humpty Dumpty.   Mike Copeland had the same

4

injury and was not harassed by Madison.    Copeland's injury was not recordable. Fred Wilson Jr. wanted

Plaintiff to quit and told Madison to be "aggressive" towards him.   Plaintiff was reprimanded for using

his cell phone and did not have a union steward present during the confrontations.    This would not have

happened if he had treated his injury outside of work and used his own insurance.

28.    Plaintiff complained about the harassment to Tim Heavy, union steward.   He also

complained about the harassment to a safety manager and to Madison himself.    No action was taken and

Heavy told Plaintiff about an employee who attempted to sue Defendant for harassment and was not

successful.   Other Employees who made complaints were labelled "troublemakers" and were terminated.

Older employees with disabilities were laid off.

## COUNT I
## VIOLATION OF IOWA CODE
## AGE AND DISABILITY DISCRIMINATION & RETALIATION

29.    Defendant discriminated against Plaintiff with respect to employment based on age and

disability in violation of Iowa Code.

30.    Defendant engaged in a continuing pattern and practice of age and disability

discrimination and harassment in violation of Iowa Civil Rights Act, Iowa Code.

31.    Plaintiff's age and disability were motivating factors in the discrimination.

32.    The Defendant retaliated against the Plaintiff for protecting his rights by filing a workers'

compensation claim.

33.    The Defendant's violation of Iowa Code is the cause of the injuries suffered by Plaintiff.

34.    As a result of Defendant's acts, Plaintiff will continue to suffer damages including but

not limited to, mental and emotional harm and anguish, humiliation, embarrassment, and loss of

enjoyment of life.    Plaintiff has and will continue to suffer loss of past and future wages and benefits,

other emoluments of employment and past and future medical expenses.

35.    As a result of Defendant's acts aforesaid, Plaintiff is entitled to the relief set forth in the

request for relief below.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, requests judgment and relief against Defendant as follow:

a.      That Defendant's conduct be declared to be in violation of Plaintiff's rights as outlined in Iowa Code Chapter.

b.      That Defendant, its officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any further conduct violating Plaintiff's rights or the rights of others similarly situated as secured by the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect other similarly situated;

c.      That Plaintiff be awarded compensatory damages and any other form of relief to which he is entitled, including equitable, declaratory, monetary or other relief due to Plaintiff in a lump sum or installments pursuant to Iowa Rules of Civil Procedure.

d.      That Plaintiff be made whole by providing him appropriate lost earnings and benefits with pre-judgment interest, past and future emotional distress damages, and other affirmative relief.

e.      Plaintiff be awarded reasonable attorney fees and costs incurred in prosecuting this action. And

f.      Plaintiff be awarded such additional and further relief as just and proper.

## PUNITIVE DAMAGES

The behavior of the Defendant caused damage to the Plaintiff which rise to the level of willful and wanton, reckless disregard for the rights of the Plaintiff, thus entitling the Plaintiff to punitive as well as compensatory and special damages.

E-FILED  2021 FEB 05 2:57 PM POTTAWATTAMIE - CLERK OF DISTRICT COURT

**JURY DEMAND**

Plaintiff hereby demands a trial by jury in this matter.

By _/S/ Thomp J. Pattermann
THOMP J. PATTERMANN #AT0006027
GALLNER & PATTERMANN, P.C.
300 West Broadway, Suite 145, Council Bluffs, IA   51503
Telephone: (712) 323-0999   Facsimile:    (712) 323-0814
tjpattermann@sgallnerlaw.com
ATTORNEY FOR PLAINTIFF

7

IN THE DISTRICT COURT OF POTTAWATTAMIE COUNTY, IOWA

| | | |
|---|---|---|
| THOMAS E. ALLEN, an Individual, | ) | LACV 121185 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **MOTION TO EXTEND** |
| | ) | **SERVICE DEADLINE** |
| MILLER ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**COMES NOW** Plaintiff, by and through his attorney-of-record, T. J. Pattermann (hereinafter "Attorney Pattermann"), and for his Motion for Extension of Time to Serve Original Notice and Petition at Law and Jury Demand and states as follows:

1.      That the Petition at Law and Jury Demand (see Exhibit "A" attached hereto) in the above-captioned matter was filed on December 7, 2020.

2.      The Plaintiff's Attorney served the Petition and Original Notice on Miller Electric Company in Iowa on January 4, 2021.

3.      Plaintiffs' attorney received a phone call from Miller Electric Company's attorney on or about January 18, 2021 claiming Defendant Miller Electric Company in Iowa was the wrong Defendant.

4.      Plaintiffs' attorney is amending his Petition to be served on Defendant Miller Electric Company in Nebraska.

5.      That on March 4, 2021, the deadline for service will run.

6.      That Attorney Pattermann will need a 45-day extension of time or until April 16, 2021, to complete service on Defendant Miller Electric Company.

7.      That Attorney Pattermann has attempted reasonable means available to obtain service on Defendants.

8.      That Attorney Pattermann requests an Order extending the service deadline 45 days

or until April 16, 2021.

      **WHEREFORE** Plaintiff respectfully prays for an order granting an extension of 45 days

or until April 16, 2021, to accomplish service on Defendants Miller Electric Company.

      **DATED** this 5th day of February 2021.

                                           /s/ Thomp J. Pattermann
                                    T. J. Pattermann - #AT0006027
                                    GALLNER & PATTERMANN, P.C.
                                    300 West Broadway Street, Suite 145
                                    Council Bluffs, Iowa 51503
                                    Phone: (712) 323-0999 / Fax: (712) 323-0814
                                    E-Mail:      tjpattermann@sgallnerlaw.com
                                    ATTORNEYS FOR PLAINTIFFS

E-FILED                LACV121185 - 2021 FEB 08 11:47 AM              POTTAWATTAMIE
                       CLERK OF DISTRICT COURT                        Page 1 of 2

IN THE DISTRICT COURT OF POTTAWATTAMIE COUNTY, IOWA

| | | |
|---|---|---|
| THOMAS E. ALLEN, an Individual, | ) | LACV 121185 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MILLER ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER came on to be heard this day of February 2021, upon the Motion of counsel for

Plaintiff for additional time for Service on Defendants Miller Electric Company.   The Court being fully

advised in the premises finds that, according to the Motion of Plaintiff's counsel, that Plaintiff has

attempted service upon the Defendants to no avail.   Plaintiff's counsel believes an Order extending the

service deadline should be entered and that service shall be made by personal service within 45 days.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that Plaintiff is granted an

additional 45 days or until April 16, 2021 to serve Defendants by personal service.

E-FILED          LACV121185 - 2021 FEB 08 11:47 AM          POTTAWATTAMIE
CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

**Case Number**          **Case Title**
LACV121185               THOMAS ALLEN VS MILLER ELECTRIC COMPANY
**Type:**                OTHER ORDER

So Ordered

Jeffrey L. Larson, Chief Judge,
Fourth Judicial District of Iowa

Electronically signed on 2021-02-08 11:47:11